**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN LAKE,                         )
                                   )
         Plaintiff,            )
                                   )
         v.                      )     **Case No.:**  5:13-CV-0146 (TJM/DEP)
                                   )
DIVERSIFIED COLLECTION SERVICES,   )     **COMPLAINT AND DEMAND FOR**
INC. a/k/a PERFORMANT RECOVERY,     )     **JURY TRIAL**
                                   )
         Defendant.         )     **(Unlawful Debt Collection Practices)**
                                   )

KEVIN LAKE, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED COLLECTION SERVICES, INC. a/k/a PERFORMANT RECOVERY ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA.")

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the State of New York, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5.     Plaintiff is a natural person residing in Fulton, New York.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant is a national debt collection company with its corporate headquarters located at 333 N Canyons Parkway, Suite 100, Livermore, CA 94551.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


**FACTUAL ALLEGATIONS**

10.     At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11.     Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12.     Furthermore, Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

13.     Plaintiff regularly received collection calls from numbers including, but not limited to: (518) 649-8132, (518) 387-3097, (518) 387-3098, and (518) 649-8133.

14.     Beginning in or around February 2012, and continuing into March 2012, Defendant placed continuous and repetitive harassing telephone calls to Plaintiff's home and cellular telephones in its attempts to collect the subject debt.

15.     Upon information and belief, Plaintiff also received phone calls on his cellular

2

phone from Defendant that were computer generated calls, generated by the use of an automatic telephone dialing system, or used a pre-recorded or artificial voice.

16.     Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

17.     Upon information and belief, Defendant often called Plaintiff's cellular phone using a pre-recorded, artificial voice, or automated message.

18.     Defendant called, on average, more than two times a day in its attempts to collect the alleged debt.  On occasion, Defendant called more than four times in a single day.

19.     Defendant's collectors have not always identified themselves as debt collectors during these communications with Plaintiff.

20.     On February 24, 2012, Defendant's collector told Plaintiff that if he did not pay the alleged debt soon, Defendant would be forced to take legal action.

21.     However, no such lawsuit was ever filed against Plaintiff.  As such, it is averred that Defendant never intended to bring such a lawsuit against Plaintiff, and this threat was intended only to coerce payment from Plaintiff.

22.     Also on February 24, 2012, Defendant's collector told Plaintiff that Defendant would garnish Plaintiff's wages or checking account if he did not pay the subject debt.

23.     However, no such garnishment of Plaintiff's wages or checking account was ever made against Plaintiff.

24.     As such, it is averred that Defendant never intended to take such action against Plaintiff, and the threat was only made to coerce payment from Plaintiff.

25.     Pestered by Defendant's threats and continuous phone calls, Plaintiff told Defendant to no longer call him until it could provide written documentation of the subject debt.

26.     However, Defendant never provided Plaintiff with any written documentation of the debt, yet continued to call him.  It is averred that such continued contacts by Defendant were made only to harass and annoy Plaintiff.

27.     Further, Defendant called Plaintiff's parents on a number of occasions in regards to the subject debt.

28.     Plaintiff told Defendant to stop calling his parents' phone number.

29.     However, Defendant continued to call Plaintiff's parents despite Plaintiff's clear direction to no longer call them.

30.     Defendant's actions as described herein were made with the intention of annoying, abusing, harassing, and coercing payment from him.

## COUNT I
## DEFENDANT VIOLATED § 1692b(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.     Section 1692b(3) of the FDCPA prohibits debt collectors from communicating with a third party more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person was erroneous.

32.      Defendant violated § 1692b(3) of the FDCPA when it called Plaintiff's parents more than once without being requested to do so by Plaintiffs' parents and without belief that information provided was erroneous.

## COUNT II
## DEFENDANT VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692c(b) of the FDCPA states that a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer without

4

the prior consent of the consumer. f

34.    Defendant violated § 1692c(b) of the FDCPA when it contacted Plaintiff's parents in connection with the collection of the subject debt without the prior consent of the Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

36.    Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it threatened to bring a lawsuit against Plaintiff and to garnish his wages or checking account, when it called Plaintiff's parents in connection with the subject debt without Plaintiff's consent, when it continued to call Plaintiff and his parents after Plaintiff requested that all calls to him and his parents cease, and when it engaged in other harassing or abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

38.    Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT V**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

39.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

40.     Defendant violated § 1692e of the FDCPA when it threatened to garnish Plaintiff's wages and/or checking account and threatened to bring a lawsuit against Plaintiff without the intention to do so, when its collectors failed to identify Defendant as a debt collector during each communication with Plaintiff, and when it made other false, deceptive or misleading representations.

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(4) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

41.     Section 1692e(4) of the FDCPA prohibits the representation or implication that nonpayment of any debt will result in the garnishment of any property or wages unless such action is lawful and the collector intends to take such action.

42.     Defendant violated section 1692e(4) of the FDCPA when it told Plaintiff that it would garnish his wages and/or checking account if he did not pay the alleged debt, when it lacked the intention or ability to do so.

**COUNT VII**
**DEFENDANT VIOLATED § 1692e(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

43.     Section 1692e(5) of the FDCPA prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

44.     Defendant violated section 1692e(5) of the FDCPA when it threatened Plaintiff

PLAINTIFF'S COMPLAINT

with a lawsuit and the garnishment of his wages or checking account when Defendant lacked the intention to bring a lawsuit or to garnish Plaintiff's property.

## COUNT VIII
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

45. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

46. Defendant violated § 1692e(10) of the FDCPA when it threatened to garnish Plaintiff's wages and/or checking account and threatened to bring a lawsuit against Plaintiff without the intention to do so, when its collectors failed to identify Defendant as a debt collector during each communication with Plaintiff, and when it made other false, deceptive or misleading representations.

## COUNT IX
### DEFENDANT VIOLATED § 1692e(11) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

47. Section 1692e(11) of the FDCPA requires debt collectors to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and also to disclose in subsequent communications that the communication is from a debt collector.

48. Defendant violated § 1692e(11) of the FDCPA when its collectors failed to identify Defendant as a debt collector during each communication with Plaintiff.

PLAINTIFF'S COMPLAINT

**COUNT X**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

49.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

50.     Defendant violated § 1692f of the FDCPA when it when it threatened to bring a lawsuit against Plaintiff and to garnish his wages or checking account, when it called Plaintiff's parents in connection with the subject debt without Plaintiff's consent,  when its collectors failed to identify Defendant as a debt collector during each communication with Plaintiff, when it continued to call Plaintiff and his parents after Plaintiff requested that all calls to him and his parents cease, and when it engaged in other unfair conduct.

**COUNT XI**
**DEFENDANT VIOLATED**
**THE TELEPHONE CONSUMER PROTECTION ACT**

51.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

52.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

53.     Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to his cellular phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

PLAINTIFF'S COMPLAINT

54.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

55.     Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

56.     Upon information and belief, Defendant contacted Plaintiff on his cellular telephone several times.

57.     Defendant did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

58.     Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.


WHEREFORE, Plaintiff, KEVIN LAKE, respectfully prays for a judgment as follows:

  a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d.   Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

  e.   Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KEVIN LAKE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 02/07/13                    KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
CRAIG THOR KIMMEL
Attorney ID # 2790038
1001 Avenue of the Americas, 12th Floor
New York, NY 10018
Phone: (212) 719-7543
Fax:  (877) 617-2515
Email: kimmel@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT